UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 5:23-cv-02501-SP | Date | May 21, 2024 |
|---|---|---|---|
| Title | TEMPLE CHIJINDU EZERIBE v. ALEJANDRO MAYORKAS., et al. | | |

| Present: The Honorable | **Sheri Pym, United States Magistrate Judge** | |
|---|---|---|
| Kimberly Carter | None Appearing | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiff(s):        Attorneys Present for Defendant(s):
None Appearing                                              None Appearing

**Proceedings:**   **(In Chambers) Second Order to Show Cause Why Case Should Not Be Dismissed for Failure to Effect Service and Prosecute**

On December 6, 2023, plaintiff filed a complaint against defendants: Alejandro Mayorkas, Secretary of Department of Homeland Security; Ur M. Jaddou, Director of U.S. Citizenship and Immigration Services (USCIS); Alanno O, Director of USCIS District of San Diego; and Irene Martin, Director of USCIS San Bernardino Field Office. Under Federal Rule of Civil Procedure 4(m), plaintiff was required to serve each defendant with the summons and complaint within 90 days after the complaint's filing, that is, no later than March 5, 2024. Because the defendants to be served are officers or employees of the United States sued in their official capacity, under Federal Rule of Civil Procedure 4(i), to effect service on each defendant, plaintiff was specifically required to serve the summons and complaint on: (1) the United States Attorney for the Central District of California (by delivering a copy to the United States Attorney or her designee, or by sending a copy by registered or certified mail to the Civil Process Clerk at the United States Attorney's Office for the Central District of California); (2) the United States Attorney General by sending a copy by registered or certified mail to the Attorney General of the United States in Washington, D.C.; and (3) the named defendants by sending a copy by registered or certified mail to them.

The first deadline for service passed without plaintiff filing any proof of service with the court. Accordingly, on March 13, 2024, the court issued an Order to Show Cause Why Case Should Not Be Dismissed for Failure to Effect Service and Prosecute. Plaintiff responded to the Order to Show Cause on March 26, 2024, explaining that due to inexperience plaintiff's counsel has had difficulty obtaining issuance of the summons

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 5:23-cv-02501-SP | Date | May 21, 2024 |
|---|---|---|---|
| Title | TEMPLE CHIJINDU EZERIBE v. ALEJANDRO MAYORKAS., et al. | | |

and effecting service. Summons was in fact issued on January 16, 2024, over two months earlier. Nonetheless, in light of plaintiff's response, the court granted plaintiff another 30 days, to May 5, 2024, to effect service of the summons and complaint on each defendant in compliance with Rule 4(i), and ordered plaintiff to file proof of such service no later than May 13, 2024.

Like the previous deadline, the May 13 deadline has passed without plaintiff filing any proof of service with the court or giving any other indication that the summons and complaint have been served on any defendant. Accordingly, plaintiff is again ORDERED to show cause in writing, this time by *June 4, 2024,* why this case should not be dismissed without prejudice for plaintiff's failure to prosecute and serve defendants within the required time period. Plaintiff may discharge this Order to Show Cause by filing, not later than June 4, 2024, proof of complete and proper service of the summons and complaint.

**The court warns plaintiff that failure to respond to the Order to Show Cause by June 4, 2024, or further failure to prosecute this action in accordance with court orders, may result in dismissal of this action for failure to prosecute. The court will not grant a further extension of the time to effect service without a showing of genuine good cause.**